**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CURTIS G. JACKSON | : | |
|     Plaintiff, | : | Civil Action No. 1:07-CV-820 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JEFFREY A. BEARD, JAMES T. | : | |
| WYNDER, and KEVIN MISKELL | : | |
|     Defendants | : | |

## MEMORANDUM AND ORDER

**I.    BACKGROUND**

Before the Court is Plaintiff Curtis G. Jackson's complaint (Doc. No. 1) and request to proceed in forma pauperis (Doc. No. 2). Plaintiff, currently incarcerated at SCI-Dallas, has filed this § 1983 action against Defendants Beard, Wynder, and Miskell, whom Plaintiff alleges work for the Pennsylvania Department of Corrections and/or the Pennsylvania Board of Probation and Parole. (Doc. No. 1.) Plaintiff asserts that Defendants violated his civil rights and committed various torts against him, primarily through their failure to provide appropriate sex-offender counseling and their inadequate efforts to prepare Plaintiff to re-enter society as a rehabilitated sex offender. (See id.) For Defendants' alleged shortcomings, Plaintiff seeks compensatory and punitive damages in the amount of $7.7 million dollars and requests that Defendants provide him with $ 325,000 to cover the cost of certain of living expenses, special sex-education classes, and private sex counseling after he is released from prison. (Id.)

**II.   DISCUSSION**

In an effort to halt the filing of frivolous inmate litigation, the Prison Litigation Reform Act of 1996 ("PLRA") contains what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, an inmate who is not in "imminent danger of serious physical injury" and who has had three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim forfeits the opportunity to proceed in forma pauperis under § 1915. While such an inmate may file additional civil actions, he must pay the full filing fee prior to commencing suit.

Plaintiff has had three suits dismissed as frivolous, malicious, and/or for failing to state a viable claim. See Jackson v. Pennsylvania Bd. of Prob. and Parole, No.04-1696 (M.D. Pa. Aug. 26, 2004) (Caldwell, J.) (granting Plaintiff's request to proceed in forma pauperis for the purpose of dismissing the action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted); Jackson v. Wynder, No. 07-376 (M.D. Pa. March 26, 2007) (Caldwell, J.) (same); Jackson v. Caldwell, No. 07-693, 2007 WL 1314864 (M.D. Pa. May 4, 2007) (Kane, C.J.) (granting Plaintiff's request to proceed in forma pauperis and dismissing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) as being frivolous, failing to state a claim upon which relief may granted, and seeking monetary relief against one who is immune from such relief).[1] Thus, Plaintiff falls within the purview of § 1915(g)'s "three strikes" rule.

---

[1] In his application to proceed in forma pauperis, Plaintiff represents that he had not brought three or more actions which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. No. 2.) This form was executed on May 5, 2007, likely before he was notified of the disposition of his case docketed at No. 07-693.

The "imminent danger" exception to § 1915(g) – which permits an otherwise disqualified prisoner to proceed in forma pauperis in the case of a "genuine emergenc[y]" where "time is pressing" and "a threat . . . is real and proximate," see Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) – does not apply to the instant suit.  The Third Circuit has explained that the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).  In his application to proceed in forma pauperis, Plaintiff did not indicate that he is in imminent danger of serious physical injury (see Doc. No. 2), nor does the complaint contain allegations of any such danger (see Doc. No. 1).  Accordingly, the Court finds that Plaintiff's action does not fall within the the "imminent danger" exception to § 1915(g).

Because Plaintiff is not in "imminent danger of serious physical injury" and because he has had three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim, the Court cannot permit him to proceed in forma pauperis in this action.  28 U.S.C. § 1915(g).

### III.  ORDER

**AND NOW**, this 15th day of May, 2007, **IT IS HEREBY ORDERED THAT** Plaintiff's request to proceed in forma pauperis (Doc. No. 2) **IS DENIED**.  Plaintiff is **DIRECTED** to pay the full fee for filing a civil action within fifteen (15) days of this order.  If Plaintiff fails to pay the required filing fee, the Court will dismiss Plaintiff's action without prejudice.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania